UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
HUMBERTO VAZQUEZ, on behalf of himself
And others similarly situated,

                        Plaintiff,

   -against-
                                                     **SUA SPONTE**
                                                         **REPORT AND**
                                                         **RECOMMENDATION**

                                                         18-CV-3681 (RMM)(AYS)

MOLTO BENE BELLMORE, INC.,
doing business as Molto Bene, and
KARINA J. TERRAZAS,

                        Defendants.
----------------------------------------------------------X
**SHIELDS, United States Magistrate Judge:**

      This is an action commenced pursuant to the Fair Labor Standards Act, 29 U.S.C. §201, et seq., and the New York Labor Law for unpaid wages and related damages. See Docket Entry herein ("DE") [1]. For the reasons set forth below, this Court hereby enters a sua sponte recommendation that the certificate of default dated December 17, 2019, appearing as Docket Entry Number [30], be amended to reflect only the default of the corporate entity named as a defendant herein, and not as against the individual defendant.

      Plaintiff commenced this action in June of 2018, naming Molto Bene Bellmore, Inc. ("Molto Bene" or the "Corporate Defendant") and Karina J. Terrazas ("Terrazas" or the "Individual Defendant") as defendants (collectively the "Defendants"). Id. On August 17, 2018, both the Corporate Defendant and the Individual Defendant answered the complaint. DE [10]. At the time, both Defendants were represented by counsel. Id. After Defendants answered, this Court held an initial conference on March 13, 2019. A scheduling order was entered, providing

that the parties, inter alia, submit a joint status letter regarding settlement to this Court on June 11, 2019. A status letter was filed on that date stating that no settlement had been reached and proposing a Tier II discovery plan. On September 16, 2019, Defendants, still represented by counsel, requested an extension of time in which to conclude discovery. See DE [19]. This Court granted the requested extension, ordering that all discovery be complete by November 27, 2019. See Electronic Order dated Sept. 17, 2019.

On October 21, 2019, Defendants' counsel, citing irreconcilable differences with his clients, sought leave to withdraw from representation of both Defendants. DE [21]. On October 30, 2019, this Court granted counsel's request to withdraw. See Electronic Order dated Oct. 30, 2019. The order relieving counsel directed that the case be stayed through December 2, 2019, to allow the defendants time to obtain new counsel. The Court also ordered the Corporate Defendant to obtain new counsel by December 2, 2019, "as a corporate entity is not allowed to continue in a federal litigation unrepresented." Id. This Court also directed the Individual Defendant to "either obtain new counsel by December 2, 2019 or communicate with the Court by a letter on the docket that she intends to proceed pro se." Id. Defendants were both advised that "failure to have a notice of appearance entered by December 2, 2019 or failure to communicate with this Court advising why no such notice of appearance can be entered by that date, may result in this Court's recommendation to the District Court that an order of default be entered herein." Id.

Neither the Corporate nor the Individual Defendant complied with this Court's Order of October 30, 2019. Thus, the Corporate Defendant has not obtained counsel and the Individual Defendant has not indicated whether she will be proceeding pro se or obtaining new counsel. This Court has entered no order recommending that default be entered.

On December 9, 2019, Plaintiff's counsel submitted a request for entry of a certificate of default. DE [29]. That request sought to note the default of both the Corporate Defendant and the Individual Defendant. DE [29-1]. On December 17, 2019, the Clerk of the Court certified that neither the Corporate Defendant nor the Individual Defendant had "filed any answer or otherwise moved with respect to the Complaint herein," and noted the default as to both Defendants. DE [30].

As noted in this Court's order reliving counsel, the Corporate Defendant cannot proceed pro se. It was thus appropriate for the Clerk of the Court to note the default of that defendant. However, the Individual Defendant may proceed pro se, and the fact that counsel was relieved does not change the fact that she has properly answered and appeared in this case. While the Individual Defendant has not complied with the order that she advise the Court as to whether she will be securing counsel, and this Court warned against the possibility of recommending that a default be entered, no such recommendation has yet been made. In light of her prior answer in this case, it was inappropriate for the Clerk to note the Individual Defendant's default on the ground that she has neither answered nor otherwise appeared herein. Accordingly, this Court recommends that the notation of default be amended to reflect only the default of Molto Bene Bellmore, Inc. and not that of Karina J. Terrazas.

OBJECTIONS

A copy of this Report and Recommendation is being provided to Plaintiff's counsel via ECF. Plaintiff's counsel is directed to serve a copy of this Report and Recommendation on the Defendants at their last known address(es) and to file proof of service on the docket sheet by January 8, 2020. Any written objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of filing of this report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72(b). Any requests for an extension of time for filing objections must be directed to the

District Judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections within fourteen (14) days will preclude further review of this report and recommendation either by the District Court or Court of Appeals. <u>Thomas v. Arn</u>, 474 U.S. 140, 145 (1985) ("[A] party shall file objections with the district court or else waive right to appeal."); <u>Caidor v. Onondaga Cnty.</u>, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision").

**SO ORDERED.**

Dated:  Central Islip, New York
        January 7, 2020

                                                   /s/ Anne Y. Shields
                                                  ANNE Y. SHIELDS
                                                  United States Magistrate Judge